IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARIBEL CUBERO | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 18-4989 |
| PBM, CMSI OF PHILADELPHIA | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                       **December 2, 2019**

Pro se Plaintiff Maribel Cubero filed this action against Defendant PBM, CMSI of Philadelphia (PBM), alleging PBM discriminated against her in violation of Title VII of the Civil Rights Act of 1964. Cubero later informed the Court she had retained an attorney, but the attorney never entered his or her appearance in this action. After Cubero was granted several extensions to have her attorney appear or proceed pro se, she has not complied with this Court's orders. As a result, the Court will dismiss this action for failure to prosecute.

**BACKGROUND**

On November 11, 2018, Cubero filed this action against PBM alleging sexual harassment, hostile work environment, and retaliation. Because Cubero appeared pro se, the Court referred this case to the Attorney Panel for Pro Se Plaintiffs in Employment Cases and placed the case in suspense on November 19, 2018. The Court received notice that Cubero had retained counsel and, on November 26, 2018, removed the case from suspense.

On December 17, 2018, PBM filed a motion to dismiss. By that time Cubero's attorney had not entered his or her appearance. On December 19, 2018, and on May 30, 2019, the Court ordered Cubero to advise the Court whether she had obtained counsel, wanted to be re-referred to the attorney panel, or wanted to proceed pro se. On June 20, 2019, Cubero informed the Court she hired a new attorney. The Court then ordered Cubero to cause her attorney to appear by July 22,

2019.[1] The Court issued an order on October 24, 2019, granting a final extension and directing Cubero to file written notice with the Court of whether she intended to have her attorney appear or proceed pro se by November 4, 2019. To date, no attorney has appeared on behalf of Cubero, and Cubero has not complied with this Court's July 12, 2019, and October 24, 2019, Orders.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

---

[1] The Court subsequently ruled on PBM's motion to dismiss and dismissed Cubero's claims of race, color, and national origin discrimination. *See* Order, Sep. 27, 2019, ECF No. 13.

It is questionable whether an analysis of the *Poulis* factors is required in this case, given Cubero's failure to respond to the Court's orders or to communicate with the Court in any way since June 20, 2019, when she informed the Court she had retained an attorney. Even assuming a *Poulis* analysis is required, four factors weigh in favor of dismissal.

Throughout the entirety of this action, Cubero appears to have proceeded pro se and her failure to comply with the Court's orders is attributable only to her. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (stating pro se plaintiff is responsible for his or her own failure to comply with court's orders). Although Cubero informed the Court she had retained an attorney, no attorney has appeared on record as of this date. Because an attorney has not yet appeared, it is unlikely the failure to comply with the Court's orders can be attributable to the attorney. PBM has experienced some prejudice because the Court delayed ruling on its motion to dismiss without Cubero's attorney. Further, this case has been prolonged awaiting Cubero's compliance and PBM has been unable to proceed to discovery. *See id.* at 259 (noting defendants experience prejudice when they are unable to retrieve evidence for discovery and when there may be a "dimming of witnesses' memories").

Cubero's history of dilatoriness includes her failure to comply with two court orders directing her to inform the Court of how she wishes to proceed in this action. Also, Cubero failed to comply with this Court's December 19, 2018, Order, before she responded to the Court's May 30, 2019, Order. Regarding sanctions, this is not a case in which alternative sanctions such as fines, costs, or attorneys' fees are available, given Cubero appears pro se and the Court has noted that failure to comply with an order would result in dismissal of the action.

The remaining factors are neutral. There is no evidence Cubero's conduct is willful to the extent it warrants this factor weighing in favor of dismissal. *See id.* at 262 (stating district courts

must determine whether conduct "was the type of willful or contumacious behavior which was characterized as flagrant bad faith" (internal citations and quotation marks omitted)). As to the final factor, the Court can only determine the merits of Cubero's claims through the allegations in her Complaint.

Mindful that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), because Cubero's failure to comply with the Court's orders have stalled the adjudication of this case, the *Poulis* factors weigh in favor of dismissal.

**CONCLUSION**

In sum, Cubero has failed to comply with at least three of this Court's orders and has not informed the Court of her intention to proceed with this action pro se. Without Cubero's compliance, this action is unable to proceed. Accordingly, this action will be dismissed for failure to prosecute.

BY THE COURT:


 /s/   Juan R. Sánchez
Juan R. Sánchez, C.J.